IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL P.,**<br><br>   **Plaintiff,**<br><br>v.<br><br>**KILOLO KIJAKAZI,**[1]<br>**Acting Commissioner of Social Security,**<br><br>   **Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br><br>**Case No. 1:21-CV-00033-JCB**<br><br><br>**Magistrate Judge Jared C. Bennett** |

   Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[2] Before the court is Plaintiff Russell P.'s ("Plaintiff") appeal of Acting Commissioner of Social Security Kilolo Kijakazi's ("Commissioner") final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act[3] and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.[4] After careful consideration of the written briefs and the complete record, the court concludes that oral

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security. Under Fed. R. Civ. P. 25(d), she has been substituted for Commissioner Andrew M. Saul as the Defendant in this action. ECF No. 10.

[2] ECF No. 11.

[3] 42 U.S.C. §§ 401-434.

[4] *Id*. §§ 1381-1383f.

argument is not necessary. Based upon the analysis set forth below, Plaintiff's argument on appeal fails. Therefore, the court affirms the Commissioner's decision.

## PROCEDURAL BACKGROUND

Plaintiff alleges disability due to various physical and mental impairments. In December 2018, Plaintiff applied for disability insurance benefits ("DIB") and supplemental security income ("SSI").[5] Plaintiff's claims were denied initially[6] and upon reconsideration.[7] On September 24, 2020, Plaintiff appeared for a hearing before an Administrative Law Judge ("ALJ").[8] On October 28, 2020, the ALJ issued a written decision denying Plaintiff's claims.[9] Plaintiff appealed the adverse ruling, and, on January 21, 2021, the Appeals Council denied Plaintiff's appeal,[10] making the ALJ's decision final for purposes of judicial review.[11] On March 9, 2021, Plaintiff filed his complaint in this case seeking review of the Commissioner's final decision.[12]

---

[5] ECF No. 15, Administrative Record ("AR __") 233, 266.

[6] AR 96-127, 164-69.

[7] AR 128-61, 171-77.

[8] AR 33-59.

[9] AR 7-26.

[10] AR 1-6.

[11] 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

[12] ECF No. 3.

**STANDARD OF REVIEW**

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[13] The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."[14] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[15] "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."[16] "The [f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[17]

The aforementioned standards of review apply to the ALJ's five-step evaluation process for determining whether a claimant is disabled.[18] If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.[19]

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits

---

[13] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).

[14] 42 U.S.C. § 405(g).

[15] *Lax*, 489 F.3d at 1084 (quotations and citation omitted).

[16] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).

[17] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (first alteration in original) (quotations and citation omitted).

[18] 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).

[19] 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.[20]

At step three, the claimant must show that his or her impairments meet or equal one of several listed impairments that are "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."[21] "If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ."[22] Before considering step four, however, the ALJ must determine the claimant's residual functional capacity ("RFC").[23] An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments.[24] In making this finding, the ALJ must consider all of the claimant's impairments, including impairments that are not severe.[25]

---

[20] *Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)-(iii), 416.920(a)(4)(i)-(iii).

[21] 20 C.F.R. §§ 404.1525(a), 416.925(a); *see also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

[22] *Williams*, 844 F.2d at 751.

[23] 20 C.F.R. §§ 404.1520(e), 416.920(e).

[24] 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

[25] 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2).

With the fourth step, the claimant must show, given his RFC, that his impairments prevent performance of his "past relevant work."[26] "If the claimant is able to perform his previous work, he is not disabled."[27] If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability."[28]

From this point, "[t]he evaluation process . . . proceeds to the fifth and final step."[29] At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the [RFC] to perform other work in the national economy in view of his age, education, and work experience."[30] If it is determined that the claimant "can make an adjustment to other work," he is not disabled.[31] If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," he is disabled and entitled to benefits.[32]

## ANALYSIS

Plaintiff argues that substantial evidence does not support the ALJ's finding that Plaintiff had the RFC to perform sedentary work. Specifically, Plaintiff challenges the ALJ's determination that Plaintiff was capable of sitting throughout a typical 8-hour day, with normal

---

[26] 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

[27] *Williams*, 844 F.2d at 751.

[28] *Id.*

[29] *Id.*

[30] *Id.* (quotations and citation omitted); *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[31] 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[32] 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

breaks, as required for sedentary work.[33] For the reasons set forth below, the ALJ's finding that Plaintiff could engage in sedentary work, which included sitting for 6 hours and standing or walking for 2 hours during an 8-hour workday, is supported by substantial evidence.

"The phrase 'substantial evidence' is a 'term of art' used throughout administrative law to describe how courts are to review agency factfinding."[34] Under this standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations.[35] "Whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high."[36] Thus, substantial evidence does not require that all of the evidence in the administrative record support the ALJ's decision. In this context, substantial evidence "means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[37] The ALJ "is permitted to select between competing and contradictory evidence in rendering a decision," and the ALJ is entitled to resolve any conflicts in the record.[38] So long as the ALJ's decision is based on "such relevant

---

[33] AR 54-55, 15.

[34] *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *T-Mobile South, LLC v. Roswell*, 135 S.Ct. 808, 815 (2015).

[35] *Id.* (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

[36] *Id.*

[37] *Id.* (quoting *Consolidated Edison*, 305 U.S. at 229).

[38] *Allman v. Colvin*, 813 F.3d 1326, 1333 (10th Cir. 2016) (providing that ALJ was entitled to resolve evidentiary conflict where the record supported the notion that claimant had extreme deficiencies in concentration, persistence, and pace, and the notion that claimant's mental limitations are not that severe); *see also Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (noting that "the ALJ is entitled to resolve any conflicts in the record"); *Zoltanski v. FAA*, 372

evidence [that] reasonable minds might accept as adequate to support a conclusion,"[39] this court may not reweigh the evidence.

The ALJ's finding that Plaintiff had the RFC to engage in sedentary work is supported substantial evidence. Specifically, the ALJ's RFC finding is supported by the opinions of both Dr. Tucker and Dr. Chopra. While acknowledging that Plaintiff had "severe limitations,"[40] Drs. Tucker and Chopra each found that despite those limitations Plaintiff could sit for 6 hours and stand or walk for 2 hours of an 8-hour day.[41] Beyond this, other evidence in the record demonstrated that Plaintiff engaged in many activities that were "consistent with at least sedentary work" in his daily life.[42]

Despite the foregoing, Plaintiff claims the ALJ erred by purportedly ignoring the statements of his treating physician, Dr. Francis.[43] In particular, Plaintiff argues that the ALJ's failed to acknowledged that Dr. Francis quantified his opinion as to how long he thought Plaintiff could sit when Dr. Francis expressly stated: "[Plaintiff] has difficulty maintaining one position (such as standing, sitting, or walking) for more than about 45 minutes."[44] Plaintiff asks the court

---

F.3d 1195, 1200 (10th Cir. 2004) (stating that we may not "displace the agency's choice between two fairly conflicting views").

[39] *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019).

[40] AR 109.

[41] AR 19, 106-07, 108-09, 138-40.

[42] AR 18 ("When reviewed as a whole, the objective evidence and [Plaintiff's] reported activities support limitations outlined in the RFC.").

[43] ECF No. 20 at 18; ECF No. 25 at 2.

[44] AR 390.

to reweigh Dr. Francis's opinion with opinions of Dr. Tucker and Dr. Chopra and conclude that the ALJ's RFC finding is not supported by substantial evidence. Plaintiff's argument fails for two reasons.

  First, although Dr. Francis stated that Plaintiff "has difficulty maintaining one position for more than about 45 minutes," Dr. Francis did not include a sitting limitation in his opinion. He did, however, identify other limitations including "heavy lifting, twisting or bending."[45] Thus, there is nothing in Dr. Francis's opinion that contradicts the opinions of Drs. Tucker and Chopra, and, therefore, nothing that contradicts the ALJ's finding that Plaintiff had an RFC permitting sedentary work.

  Second, even if the court were to accept Plaintiff's invitation to re-weigh the evidence and focus on Dr. Francis's opinion, review of Dr. Francis's opinion demonstrates that it is consistent with, and therefore supports, the opinions of Drs. Tucker and Chopra. As indicated above, Dr. Francis suggests that maximum length of time Plaintiff can sit, stand, or walk, is 45 minutes at a time. If Plaintiff can sit for 45 minutes (which is the equivalent of .75 of an hour) during an 8-hour work day, that totals 6 hours per day, which is precisely what Dr. Tucker and Dr. Chopra concluded.[46] Therefore, even if the court were to accept Plaintiff's invitation to

---

[45] AR 390.

[46] *Compare* AR 19, 106-07, 108-09, 138-40 (finding Plaintiff could stand and/or walk, with normal breaks, for a total of 2 hours and Plaintiff could sit, with normal breaks, for a total of about 6 hours in an 8 hour workday) *with* AR 390 (providing that "[Plaintiff] has difficulty maintaining one position (such as standing, sitting, or walking) for more than about 45 minutes").

reweigh the evidence focusing on Dr. Francis's opinion, it would further confirm that substantial evidence supports the ALJ's decision that Plaintiff can engage in sedentary work.

## **CONCLUSION AND ORDER**

For the reasons set forth above, Plaintiff's argument on appeal fails. Therefore, IT IS HEREBY ORDERED that the Commissioner's decision in this case is AFFIRMED.

DATED July 26, 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge